### LEONARD v. SMITH *et al.*

**Conveyance of Land: CONDITIONS: BREACH: EVIDENCE.** Plaintiff conveyed to defendants his farm, reserving certain rooms in the dwelling house for his own use. The conveyance was upon the conditions that defendants should board plaintiff, do his washing and mending, and furnish him a pleasant home during his natural life. Plaintiff brings this action to set aside the conveyance on the ground that the conditions were not complied with; but it appearing from the evidence that plaintiff had no ground of complaint in this respect, except that his home was not made pleasant, and that the fact that it was not made pleasant was the result of his own bad disposition and misconduct, *held* that his petition was properly dismissed.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

FILED, MAY 20, 1890.

ACTION in equity to set aside a conveyance of real estate. There was a trial on the merits, and a judgment in favor of defendants for costs. The plaintiff appeals.

*Ainsworth & Hobson* and *D. W. Clements*, for appellant.

*J. W. Rogers & Son*, for appellees.

ROBINSON, J.—Plaintiff is the uncle of defendant Emma L. Smith, and she is the wife of her codefendant. On the thirteenth day of March, 1883, plaintiff executed and delivered to his said niece an instrument in writing, which conveyed an improved farm of eighty acres in Fayette county. The instrument was in form a warranty deed, excepting that it contained provisions as follows: "The above real estate subject to the above reservations and conditions, to-wit: Said A. Leonard reserves in the dwelling-house full possession and control of the sitting-room and bedroom off from the same on the west, for his own use during his natural life.

Said grantee has the right to go through said sitting-room in going up and down stairs. Said rooms above mentioned are to be kept in order by the grantee and taken care of during said grantor's natural life. Said Emma L. Smith is to furnish A. Leonard, during his natural life, good and sufficient food; do all his washing, including bedclothes; also do all his mending, furnish attendance during sickness, and make a pleasant home for him. A. Leonard also reserves the use and possession of ground for wood and any material he may want to deposit near the buildings. He also reserves to his own use sufficient room in the barn for two horses, and room for hay and grain for the same. The taxes are to be paid on said land when due. Said land is not to be deeded or incumbered in any manner by grantee during grantor's natural life. The buildings thereon and all improvements are to be kept in good repair and order. This conveyance made subject to the faithful performance of the foregoing conditions, and, on a failure on the part of said grantee to perform any of the foregoing conditions, then this conveyance shall be declared null and void."

Appellant claims that the conditions of the deed have been violated, as follows: That the grantee of the deed failed to make a pleasant home for him, but treated him badly, and she and her family made his life unpleasant; that she failed to furnish him with good and sufficient food, properly cooked; that she failed to wash and mend his clothes; that she has failed to keep the fences and buildings on said premises in repair, and has used one of the houses for a stable; and that she has failed to care for and properly protect the fruit trees, grove, grape vines, raspberry and currant bushes which were on said place when the conveyance was made. Plaintiff insists that by reason of said alleged facts the grantee has forfeited all rights she acquired by the conveyance, and he asks that it be decreed null and void. The alleged failure to comply with the conditions of the conveyance on the part of the grantee is denied by the defendants.

I.   The evidence is voluminous, and much of it con-
flicting, and need not be set out at length.   The material
facts may be briefly stated as follows:   When the con-
veyance in question was made plaintiff was about
seventy years of age, in poor health and without a
family, so far as the record shows.   The defendants
resided in Kansas.   At the solicitation of plaintiff, they
accepted the conveyance, and moved from Kansas to the
farm conveyed, arriving there on the twelfth day of
April, 1883.   They at once made it their home, occupy-
ing the dwelling-house with plaintiff, furnishing him
food and doing his washing and mending.   But a short
time elapsed before discord was manifested.   In August,
1883, plaintiff had a violent attack of sickness, which he
attributed to poison administered by defendants.   He
continued to make his home with defendants until the
fourth day of May, 1886, when he left them.   The evi-
dence as to improvements and repairs not only fails to
sustain the claims of appellant, but, on the contrary,
disproves them.   In fact, appellant does not seem to
rely much upon them, and they need not be further
noticed.

II.   Appellant contends with much earnestness
that the evidence shows he was not furnished with such
food and personal services as the conveyance required,
and that the grantee therein failed to "make a pleasant
home for him."   It must be conceded that it is shown
by the evidence that the home was not a pleasant one
for appellant, but we are well satisfied that his own
conduct was the direct cause of much of the trouble of
which he complains.   He was irritable, and often unrea-
sonable.   He frequently addressed defendants with
profane and abusive language, and without apparent
provocation.   His course was such as to inspire the
woman and children of the household with fear, and
they avoided his presence.   The food furnished was well
prepared, of good quality and in sufficient quantities.
Plaintiff took his meals with defendants and other mem-
bers of their family, and fared as they did.   All his

requests for services, required by the conditions of the conveyance, were granted, and we think Mrs. Smith made reasonable effort to comply with the agreement, and fulfilled substantially its requirements on her part. If plaintiff did not find the home made for him a pleasant one, we think it was so far due to his own conduct that he cannot be heard to complain. He could not throw such obstacles in the way of Mrs. Smith as to make the substantial performance of her obligation impossible, and then demand that the instrument which created the obligation be set aside and canceled because of her failure. Some of our conclusions as to the facts of the case are based upon uncontradicted evidence, and others upon a preponderance of the evidence. We are of the opinion that plaintiff has failed to establish the averments of his petition. We are satisfied that the arrangement between the parties was an unfortunate one. Their experience has been much like that of others who have made similar agreements. But, if parties competent to contract enter into such agreements, they must expect to perform their obligations to the end. The fact that they prove to be unfortunate in a large proportion of cases is not sufficient ground for declaring them invalid. The judgment of the district court is                                         AFFIRMED.